WILLIAM HENRY DAINGERFIELD, Executor of MARIA
H. DAINGERFIELD *vs.* HENRIETTA MARIA MAY.

*Bond—Election—Estoppel— Release — Evidence— Ex-*
*ecutor's liability for Debts returned as Sperate—*
*Interest.*

A executed a bond conditioned for the return to the estate of B, a resi-
dent of Maryland, within one year after B's death, of certain negroes
mentioned therein, or such of them as should be then living, with
their increase; or to pay to C $1,000 of the debt of $5,000, secured by
the bond, $2,000 to D, and to retain the balance himself. It was left
optional with him which of these two conditions he should perform;
but he was required to elect between them, within twelve months after
the death of B. In June, 1860, B died, leaving a will appointing A
her executor, and bequeathing $1,000 of the money due upon the bond
to C, and providing that if A should pay C the $1,000 mentioned in
the bond, the legacy to her should be void; but if A should pay the
$1,000 out of the estate, he was to be discharged from that amount on
his bond. The will of B was admitted to probate in November, 1860,
and in January, 1861, A returned a list of debts due the estate, in
which he included the debt due by him upon said bond. HELD:

1st. That this was an election made by him within the time required by
the condition of his bond, to pay the money and keep the negroes.

2d. That A having taken out letters testamentary under the will, and
returned his bond in the list of debts due the estate, and charged him-
self in his account, in the Orphans' Court, with over $1,700 interest
thereon, had thereby assented to the disposition made by the will of the
amount due upon his bond, and was estopped from denying that the
sum due upon it was assets in his hands, belonging to the estate of his
testatrix.

3d. That the release of a mortgage executed by A to B, to secure to her
the payment of the interest upon the debt secured by the bond, was
not proof of the satisfaction or release of the bond.

4th. That even if the release of the mortgage could have raised a pre-
sumption of a release or satisfaction of the debt due upon the bond,
that presumption would be completely rebutted by the fact of B hav-
ing subsequently recognized its existence and binding force by her will,
and the payment of interest thereon for years afterwards by A, and
his returning it in the list of debts due the estate of B.

Daingerfield *vs.* May.

Where an executor has returned a debt as sperate, it will constitute a proper item of charge against him, in the absence of evidence to show that it has not been paid.

Where an executor has assets in his own hands to apply to certain allowances immediately upon their being passed by the Orphans' Court, he will not be entitled to interest upon them.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The facts in this case are sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ROBINSON, J.

*Thomas F. Bowie*, for the appellant.

*Frank. H. Stockett* and *C. C. Magruder*, for the appellee.

GRASON, J., delivered the opinion of the Court.

This case is before us upon appeals from a decree of the Circuit Court for Prince George's County, sitting in equity, passed on the 13th July, 1867, as well as from an order of said Court, passed on the 20th June, 1868, ratifying the auditor's account, stated in accordance with the directions of the said decree. The questions presented by the record, which, in our judgment, are material to be considered, are, first, whether the appellant is chargeable with the sum of five thousand dollars as assets of the estate of his testatrix, and with interest thereon? and, secondly, whether there was any error in the rulings of the Court below upon the exceptions filed by the respective parties to the evidence and to the alleged insufficiency of the averments of the bill of complaint, and to the auditor's account? The bill was filed to recover from the appellant the sum of one thousand dollars, a legacy bequeathed to

the appellee by the will of Mrs. Daingerfield, with interest thereon. The appellant states in his answer, which is not sworn to, that at the time of the execution of the bond for the payment of the five thousand dollars, which is claimed to be assets in his hands, the testatrix executed a will, and that the bond and will constituted a family arrangement, the one having been executed in consideration of the other; and that, as the will had been revoked or destroyed he was released from the obligation of the bond. The record contains no proof whatever to sustain the truth of this statement. The bond was dated the 15th May, 1840, and was conditioned for the return to the estate of the testatrix, within one year after her death, of the negroes named in the bond, or such of them as should be then living, with their increase, or to pay one thousand dollars of the sum mentioned in the bond to the appellee, two thousand dollars to Rozeir T. Daingerfield, and to retain the other two thousand himself, and upon the performance of either of these two conditions the bond was to be void; but upon the non-performance of both it was to remain in force, and it was left optional with the appellant as to which he would perform; but he was required to elect between them, within twelve months after the death of Mrs. Daingerfield. Mrs. Daingerfield died in 1860, (the answer of the appellant states in the month of June,) and neither condition of the bond has been performed by him. Mrs. Daingerfield executed her will in 1853, by which she bequeathed six hundred dollars of the money due upon the bond to the appellant, and provided that the remainder of it should be brought into her general estate. She bequeathed a legacy of one thousand dollars to the appellee, and provided that if the appellant should pay the appellee the one thousand dollars mentioned in the bond, that the legacy to her should be void; but if the appellant should

pay the thousand dollars out of the estate, he was to be discharged from that amount on his bond.

It was urged in argument for the appellant that he was prevented by the late civil war from bringing the negroes, who were then in the State of Louisiana, into the estate within the time required by the condition of his bond, and that, as that instrument left it optional with him whether to bring them into the estate or pay the money, he was released from the payment. Even if he was prevented from bringing them in, we cannot see upon what principle of law or equity he would be thereby released from the payment of the money. But there is no reason to believe that it was impossible that the negroes could be brought into the estate, had the appellant desired it. More than a year elapsed after the death of Mrs. Daingerfield before intercourse between the citizens of this State and those of Louisiana was prohibited by any law, or act, or proclamation, passed by Congress or issued by the President of the United States, during which time this condition of his bond might have been performed by the appellant. The will was admitted to probate in November, 1860, and in January, 1861, the appellant returned a list of debts due the estate of the testatrix, in which he included the debt due by him upon his bond. This we consider as an election made by him within the time required by the condition of his bond to pay the money and to keep the negroes. The will of the testatrix charged the payment of the legacy to the appellee, upon the whole of her estate real and personal, and provided that the appellant, who was one of the principal legatees, should receive no part of the property thereby bequeathed and devised to him, until he should have paid the legacy. The appellant, having taken out letters testamentary under the will and returned his bond in the list of debts due the estate, and charged himself in his account in the Orphans' Court with over seventeen hundred dollars interest thereon, has

thereby assented to the disposition, made by the will, of the amount due upon his bond, and is estopped from denying that the sum due upon it is assets in his hands, belonging to the estate of his testatrix.

The exceptions filed by the appellant to the evidence of the appellee, and to the alleged insufficiency of the averments of the bill of complaint, were properly over-ruled, as it does not appear to us that the evidence excepted to was in any manner liable to objection, or that the averments of the bill were insufficient.

The copies of the mortgage and the release of mortgage offered by the appellant, and excepted to by the appellee, were not authenticated according to the requirements of law, and the court below correctly sustained the exceptions to them. But even had they been admitted, they would not have been proof of the satisfaction or release of the bond of the appellant. The mortgage was executed to secure the payment to Mrs. Daingerfield of the interest of said bond yearly during her life, but the release of this security by no means released the debt due upon the bond. But even if the release of the mortgage could have raised a presumption of a release or satisfaction of the debt due upon the bond, that presumption would be completely re-butted by the acts of the parties since the date of the release. The fact that Mrs. Daingerfield recognized the existence and binding force of the bond in 1853 by her will, and in 1859 by the codicil to it, and the payment of interest thereon for years afterwards by the appellant, and his returning it in the list of debts due the estate of Mrs. Dangerfield, leave no room to doubt that the parties to the release of the mortgage never intended at the time, and have not since then considered, that the debt due upon the bond was thereby released, or the obligation of the bond itself was in any way impaired.

As there are assets of the estate in the hands of the appellant sufficient to pay the debts and legacies, we do not

Daingerfield *vs.* May.

consider it necessary to express any opinion upon the other exceptions to evidence, filed by the appellee. If the evidence excepted to was excluded from the case, the only result which could be effected would be to lessen the assets in the hands of the appellant, but not to such an extent as to interfere with or defeat, in whole or in part, the claim of the appellee, and therefore a decision upon them either way could not possibly affect the result of the suit.

Five exceptions were filed by the appellant to the auditor's account. The first of these exceptions was to a charge against him of the amount of Sansbury's indebtedness to the estate of the testatrix. The appellant had returned this among the sperate debts, and there is nothing in the case to show it was not paid, except a statement in the appellant's answer in this case, which is not evidence of the fact.

The second exception is to the charge of interest on the bond after the death of the testatrix, and with which, it is urged, he is not chargeable. What we have before stated upon the main point of the case is a sufficient answer to this exception.

The third and fourth exceptions were taken because the appellant was not allowed interest on the sums which he was credited with for the support of the negroes belonging to the estate. As he had assets in his own hands to apply to these allowances, immediately upon their being passed by the Orphans' Court, he is not entitled to interest upon them.

The fifth exception was taken to the charge against him of the amount of the bond and interest thereon. This exception has already been disposed of in what we have said in another part of this opinion. These exceptions were correctly overruled, and the decree and orders appealed from must be affirmed.

*Orders and decree affirmed.*

(Decided 2d July, 1869.)