(Decided 16th December, 1886.)

James A. Whiting *vs.* J. Wilson Leakin and Catharine L. Gorsuch, Administrators of James Whiting.

*What does not Constitute a Partner—Partnership—Of what the Capital of a Firm may consist—Dissolution of Partnership—Limitations.*

The receipt by an employé of a firm of a portion of the net profits of the business as a compensation for services rendered the firm in some special capacity, does not constitute him a partner, nor render him responsible as such.

A partnership is a voluntary association of two or more persons for the purposes of lawful trade, and does not need to be established by demonstration. It may be inferred from facts and circumstances.

The capital of a firm may consist of the mere use of the property owned by one member of the firm.

Whiting *vs.* Leakin and Gorsuch, Adm'rs.

Where there is no agreement as to the continuance of a partnership, its existence can be dissolved at the option of either party.

Debts due by an administrator to the firm of which he and his intestate were members, are assets in the hands of such administrator by operation of law, and the time during which he so held them, is not to be included in measuring the period of limitations.

APPEAL from the Circuit Court of Baltimore City.

The Court below decreed "that the parties account with each other of and concerning the matters in these proceedings mentioned," and overruled the defence of the Statute of Limitations. From this decree the defendant appealed. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, ROBINSON, and BRYAN, J.

*John S. Tyson,* for the appellant.

The plaintiffs must prove the partnership in order to entitle them to an account, no other ground of relief being alleged. And the question is as to partnership *inter sese,* which depends solely on the *actual intention* of the parties. *Heise vs. Barth,* 40 *Md.,* 259.

The evidence does not show that a partnership ever existed between the father and the two sons, and *this* Court is asked to analyze and weigh the evidence in connection with the appellant's exceptions thereto, which the Court below did not pass upon. The plaintiffs offered in evidence certain proceedings in the case of *A. L. Whiting's Adm'r vs. James A Whiting,* in 1878. The answer of James A. Whiting in that case positively and distinctly disclaims partnership with his father, but says that the respondent and his brother Albert were in partnership in the management of their father's business—"neither (of

the partners) had any capital"—"that belonged exclusively to their father." *Heise vs. Barth*, 40 *Md.*, 259.

The stock in trade would not be the father's but would belong to the partnership, if there was a partnership. You cannot put the mere *use* of stock in trade into a partnership, as was done with the Mill property in *Doll's Case*, 35 *Md.*, 89. But the father says, "the stock in trade and all was mine." Therefore, there was no partnership. *Story on Part.*, secs. 15, 16, 17, 32, 33 ; *Chase vs. Barrett*, 4 *Paige*, 148 ; 24 *How.*, 543.

"It is a general presumption that things once proved to have existed in a *particular* state, are understood as continuing in *that* state, until the contrary be established by evidence either direct or presumptive." *Hammond's Lessee vs. Inloes*, 4 *Md.*, 172.

The mere statement of the doctrine shows its inapplicability to the case at bar. The bill itself avers that the particular state of things (call it partnership or what you will) existing between the father and *the two sons* prior to the 31st of July, 1876, did not continue after that date. In *Savage vs. Putnam*, 32 *Barbour, S. C.*, 425, it is said *"The partnership is ended.* The connection has been dissolved, and future relations of the surviving partners to each other must be determined by some *new agreement* between them." *Story on Part.*, secs. 272, 317 ; 19 *La. An.*, 290 ; 5 *Gill*, 378 ; 52 *Md.*, 191, &c.

The plaintiffs offered in evidence the sixth paragraph of the defendant's answer filed in the former case in 1884, and thereupon the defendant offered *the whole* of said answer. Afterwards the plaintiffs obtained leave to withdraw all of the said sixth paragraph except the first seven lines thereof, ending with the words "in force between them."

This part of the answer is offered to sustain the eighth paragraph of the bill of complaint, and to show a continuation of the alleged partnership down to 1878, and

presumptively down to the death of the father, and thus to prove the defendant's alleged indebtedness. The defendant thus became entitled to put in evidence the whole answer, and it is *prima facie* evidence of the facts therein stated, and establishes the same until overcome by other proof. 56 *Md.*, 161-2; 10 *Md.*, 216; 3 *Gr. Ev.*, sec. 290.

As to the portion of the answer offered by the plaintiffs, they are absolutely bound by it. *Poe's Prac.*, sec. 273; 48 *Md.*, 183.

And it upsets the bill, since it proves that the appellant in 1878 was working for his father in the management of his business, *ergo,* was not a partner.

The appellees are estopped from claiming that the appellant was a partner. As surviving partner he would have been entitled to wind up the affairs of the firm, to collect the accounts, to pay the debts, to sell the stock in trade. *Smith vs. Wood*, 31 *Md.*, 300; *Parsons on Part.,* 3*d Ed.*, 440; 22 *Md.*, 39.

But the administrators have taken the whole assets and business out of his hands.

How can a Court of equity, acting as auxiliary to the Orphans' Court, now come in and establish a theory which upsets all that has been done in the Orphans' Court? The appellant cannot be placed *in statu quo.* The goods and all the assets of the concern have been taken out of his hands, and distributed as the property of the intestate to these very parties, who now virtually ask that the same be again accounted for as partnership property.

The previous action in the Orphans' Court is a distinct admission by the administrators that there was no partnership. On that admission the appellant has acted in surrendering up the assets of the partnership, (if partnership there was,) and his right as surviving partner to settle up the affairs. Suppose the appellant had claimed adversely that *he* was a partner—would he not have been estopped after such an act of admission on his part?

An admission on which another party has acted is an estoppel.   1 *Greenl. Ev.*, sec. 27; 8 *Gill*, 251; 46 *Md.*, 40; *Herman on Estoppel*, sec. 322.

As to the partnership alleged to have ended on the 31st of July, 1876, the plea of limitations is a bar to relief. *Wilhelm vs. Caylor*, 32 *Md.*, 151; *McKaig vs. Hebb*, 42 *Md.*, 227.

Albert L. Whiting's administrators are necessary parties to this suit as to the alleged partnership prior to 31st of July, 1876, and the defendant takes this objection in his answer.   *McKaig vs. Hebb*, 42 *Md.*, 227.

. *J. Hill Dawson*, and *J. Wilson Leakin*, for the appellees.

The general presumption is that where several persons are in partnership and the firm is dissolved, and some or all of them continue on without change in the name or books, that the old terms are continued in force between the remaining partners except in so far as necessarily varied by the acts of the parties.   *Sangston vs. Hack, et al.*, 52 *Md.*, 189, 190, 191, 193; *Parsons on Partnership*, 239, 240; *Story on Partnership*, sec. 279.

Here, the name of the firm continued the same, the books were kept in the same way, the appellant made no change in them or in anything, and asserted his right as surviving partner at the close of the firm by the death of his father, to settle, and made an attempt to ascertain the amount of such profits.

The original agreement was that *each* son was to contribute *his* services to the capital, and to receive twenty-five per cent. of the net profits therefor; hence, the withdrawal of Albert in no way interfered with James A., in the contribution of his service and the receipt of his proportion of the profits as formerly.

Partnership is that relation which subsists between persons who have agreed to share the profits of a business carried on by all or any of them on behalf of all of them. *Pollock on Part.*, sec. 1; 3 *Kent Comm.*, 23.

But it is said that there can be no partnership, in the eye of the law, where one partner contributes merely the use of his capital and stock, and the other contributes skill and service, and the net profits are divided among all. That this is a fallacy, is shown by the whole current of authority. *Citizens' Fire Ins. Co. vs. Doll*, 35 *Md.*, 106; *Parsons on Partnership*, 48; *Story on Partnership*, sec. 27, *note* 3, *and cases there cited*.

When William H. Whiting told James A. Whiting that the latter's interest in the firm was one-fourth of the net profits, and the latter did not deny it, it was an admission of the truth of what was said. *Taylor vs. Brown*, 65 *Md.*, 371.

What is asserted in the presence of a party to a suit, and not contradicted by him, is received as evidence against him, on the ground that his silence is an implied admission of the truth of what was said. *Batturs vs. Sellers*, 5 *H. & J.*, 119. And as to admissions from conduct generally, see—1 *Greenleaf on Ev.*, secs. 195, 196, 197 *n.* 198.

The portion of defendant's answer offered by plaintiffs, is like all other admissions, to be weighed and believed in view of all the facts of the case—it not following that all of the parts are worthy of belief. *Reynolds vs. Manning*, 15 *Md.*, 528. And being a hostile witness, the plaintiffs are entitled to contradict any part of it. *Poe on Pleading*, sec. 273; *Rev. Code, Art.* 70, sec. 4.

If it be said that the production in evidence, by the plaintiffs, of a portion of defendant's answer, makes it all evidence, it will be replied that " if a plaintiff reads a passage in the answer as evidence of a particular fact, the defendant cannot read other parts, even though grammatically connected with such passage by conjunctive particles, unless they be really explanatory of its meaning; and if, in order to understand the sense of the passage on which the plaintiff relies, it is necessary to read on the

part of the defendant other portions of the answer, still these parts will be evidence only in so far as they are explanatory; and any new facts introduced therein, though so immediately connected with the parts admitted as to be incapable of subtraction, will be considered as not read." 1 *Taylor on Evidence, sec.* 660.

Limitations do not apply to a claim of an administrator against the estate, because he cannot sue himself. *State vs. Reigart,* 1 *Gill,* 1 ; *Spencer vs. Spencer,* 4 *Md. Ch. Dec.,* 456; *Brown vs. Stewart,* 4 *Md. Ch. Dec.,* 368; *Semmes vs. Young's Adm'rs,* 10 *Md.,* 247.

This reason applies equally where the claim is against the administrator individually, and in favor of the estate. He, as fiduciary, cannot sue himself personally, therefore the statute cannot apply.

When an administrator takes out letters, there is a conclusive presumption that, as individual, he has paid the estate whatever sum was due the decedent, and this presumption is irrebuttable, and the position of the executor or administrator is different from that of other debtors. *Lambrecht vs. State,* 57 *Md.,* 240, 248.

The statute provides that he shall return his indebtedness to the Orphans' Court. The fact, that limitation might apply to the claim if put in suit, does not render the debt any the less a debt, for limitation does not extinguish the debt, but only goes to the remedy. *Farmers' Bank vs. Iglehart,* 6 *Gill,* 57 ; *Oliver vs. Gray,* 1 *H. & G.,* 204 ; *Peterson's Executors vs. Ellicott,* 9 *Md.,* 62.

On the question of parties raised by the answer, it is only needful to say that here no relief is sought or granted against the representations of A. L. Whiting, and they have no interest in the subject-matter litigated, for their rights, if they ever had any, were all determined by the dismissal of their bill in 1879, therefore they are not necessary parties. *Wright vs. The Santa Clara Mining Co.,* 12 *Md.,* 443 ; *Kerr vs. Watts,* 6 *Wheaton,* 559.

YELLOTT, J., delivered the opinion of the Court.

The bill of complaint in this cause was filed by the appellees in the Circuit Court of Baltimore City, and in it they aver that they are the administrators of James Whiting, deceased, and that the said James, being possessed of a large stock of hardware and a good trade, did, on the first day of May, 1865, enter into a co-partnership with his two sons, Albert L. Whiting and James A. Whiting. The existence of a written contract is not alleged, and the proof shows that the formation of this association in business was by oral agreement. By the terms of this agreement, as averred in the bill and established by the evidence in the cause, the father, owning the whole of the capital stock, contributed the use of it to the firm and received one-half of the net profits, and his two sons, contributing their services in conducting the business, each received one-fourth of the net profits. The firm was designated and known as James A. Whiting & Co., and under that name its business was transacted. The system adopted, in keeping the accounts of the firm, was to put the cost of merchandise in one column and the product of sales in another, the difference representing the gross profits, from which a deduction for losses, clerks' hire and all expenses gave the net result, which was divided between the father and his two sons in the proportions already mentioned.

On the 31st of July, 1876, Albert L. Whiting withdrew from the association, and his death occurred soon after his withdrawal; but the business was conducted on the same basis by the father and his son James A. Whiting, the latter continuing to receive one-fourth of the net profits, until the death of the father on the 4th of January, 1883. The proof shows that after the father's death, James A. Whiting was fully cognizant of his right, as surviving partner, to settle up the business of the firm, but that, in consequence of his declining to exercise this right, letters

of administration on the estate of the deceased were granted on the 27th day of January, 1883, to his two sons James A. Whiting and W. H. Whiting. There being a difference of opinion between these administrators in relation to the proper adjustment of the accounts, they were removed on the 27th day of March, 1885, and, on the 24th day of April, in the same year, the appellees were appointed administrators in their place and stead by the Orphans' Court of Baltimore City.

This cause having progressed, on bill, answer and proof, to a hearing, the Circuit Court decreed "that the parties account with each other," and referred the matters in controversy to the auditor with directions to state an account from the pleadings and proof. The Court also decreed adversely to the defence of the Statute of Limitations relied on by the defendant in his answer.

There having been no opinion filed in this cause in the Court below, it is impossible for this Court to know what disposition was made in relation to the exceptions to evidence which appear in the record. The learned Judge who sat in the case may have rejected the evidence excepted to, or, it is probable, that he may not have deemed it necessary to pass upon these exceptions; for it is clearly apparent that there is sufficient evidence in this record, to which no exceptions have been taken, to determine this controversy by the passage of the decree from which the defendant has appealed.

The relief sought for is against James A. Whiting, and he has been properly made sole defendant in the cause. In his answer he denies the existence of a partnership, because the whole capital was owned by his father; and he alleges that he received one-fourth of the net profits as a remuneration for his services. If he received a portion of the profits in payment of wages or salary for services rendered the firm, this would not, as the law is now settled, constitute him a partner, although it was other-

wise determined in the old case of *Taylor vs. Terme & Jauffret,* 3 *H. & J.,* 506, which decided that "if a person derives a benefit from a trade, in which another is engaged, by receiving a portion of the profits, he is liable as a partner, though he acts only in the character of an agent, and receives such profits as a compensation for his agency." But this decision is in conflict with the determination of this Court in the more recent cases, and it is now an acknowledged principle that if a portion of the profits are received by an employé in the firm as a compensation for services rendered in some special capacity, such employé does not thereby acquire the rights and incur the responsibility of a partner. *Kerr vs. Potter,* 6 *Gill,* 404 ; *Sangston vs. Hack,* 52 *Md.,* 173 ; *Reddington vs. Lanahan,* 59 *Md.,* 429.

And the same principle is recognized in most, if not in all, of the States, and it is said to be a well settled rule that a party who stipulates to receive a sum of money in proportion to a given quantum of the profits as a reward for his labor, is not chargeable as partner. *Loomis vs. Marshall,* 12 *Conn.,* 70 ; *Leggett vs. Hyde,* 58 *N. Y.,* 272.

But no such case is disclosed by this record. It cannot be denied that there was an association, under the designation of James A. Whiting & Co., in which there was a combination of capital, skill and business capacity for the purposes of trade and profit. The father's name was James Whiting, and one of the sons was James A. Whiting. This son's name is placed at the head of the firm. It is known and designated as the firm of Whiting & Co. The act of the parties, in so naming the firm, seems to be tantamount to an announcement that James A. Whiting was one of its members. The designation is suggestive of the formation of a partnership, which may be inferred from facts and circumstances. Now a partnership is defined to be "a voluntary association of two or more persons for the purposes of lawful

trade." That a partnership must consist of at least two persons is said, by a learned writer on the subject, to be one of those things which does not need to be established by demonstration. *Cary on Part.*, 1.

The existence of a firm known as James A. Whiting & Co., is a fact about which there is no dispute. If the two sons, apparently doing business with their father, were not partners, who composed the company? There was no other person claiming to be a member except the father, and a company is supposed to be an association. One individual is not usually a company. From these facts and especially from the fact that James A. Whiting's name was, with his own knowledge and acquiescence, selected to designate the association, a partnership between father and sons might reasonably be inferred. *Heise vs. Barth*, 40 *Md.*, 259.

But there seems to be conclusive proof in this record of the formation of the alleged partnership. The answer of James A. Whiting to the bill of complaint filed against him by the administrators of A. L. Whiting, was introduced as evidence in this cause, and has not been excepted to by the defendant as inadmissible. In that answer James A. Whiting admits the existence of a partnership between his father, his brother and himself. The testimony of the father in that suit has also been offered in evidence and not excepted to. The father says "I fixed the name of the firm James A. Whiting & Co., when I took them in as partners."

It is contended that as the father supplied all the capital and the sons received a portion of the net profits, there was no partnership. But this position is not tenable. There can be no doubt, in view of the numerous decisions to that effect, that the capital of a firm "may consist of the mere use of the property owned by one member of the firm." *Citizens' F. M. Co. vs. Doll*, 35 *Md.*, 106; *Ward vs. Thompson*, 22 *Howard*, 330.

It was urged in argument, that as the father said in his testimony that he could discharge his sons when he saw fit, they were mere employés. But his whole testimony must have its due weight. He says expressly that he took them in as partners. There being no time agreed upon during which the partnership was to continue in existence it could be dissolved at the option of either party and James Whiting could thus free himself from the association, or, to use his own expression, discharge his sons whenever he deemed it advisable to do so. *Peacock vs. Peacock*, 16 *Ves.*, 49 ; *Heath vs. Sansome & Evans*, 4 *B. & Adolph.*, 172 ; *Marquand vs. N. Y. Manuf. Co.*, 17 *John.*, 525.

The defence of the Statute of Limitations cannot be maintained, because in this case limitations cannot possibly be a bar. Upon the death of the senior partner the appellant became one of the administrators of the deceased. As such all debts due from him to the firm, became assets in his hands by operation of law. These assets were legally, and therefore not wrongfully, held by him until he was removed by the Orphans' Court in 1885. As there could be no suit instituted against him while he legally retained these assets in his hands as administrator, and as sufficient time has not since elapsed, the bar of limitations cannot be interposed.

There being no error in the rulings of the Court below its decree must be affirmed.

> *Decree affirmed, with*
> *costs to appellees, and*
> *cause remanded.*

(Decided 17th December, 1886.)