(Decided 26th April, 1894.)

---

WILLIAM KEALHOFER AND ALEXANDER ARMSTRONG, Administrators, d. b. n. c. t. a. of LOUISA JANE BERRY *vs.* ELIAS EMMERT, and others.

*Executors and Administrators—Debt due by Executor— How enforced—Executor's commissions.*

Section 224 of Article 93 of the Code, requires every executor, when he returns the list of debts due to his testator, to include among them any just claim which the decedent had against him. Section 225 makes the same provision in the case of administrators; and further enacts that all commissions allowed to the executor or administrator shall be applied towards the payment of any such claim so returned or established. In 1880 Mrs. Berry became surety upon the bond of McDowell as executor of Schneider. In 1885 McDowell became executor of Mrs. Berry but was subsequently removed, and K. and A. were appointed administrators d. b. n. c. t. a. In an action upon the bond executed by McDowell as executor of Schneider a judgment was

Kealhofer and Armstrong, Admrs., &c. *vs.* Emmert *et al.*

rendered against K. and A., as such administrators d. b. n. of Mrs. Berry, by reason of her suretyship on the bond, and they were compelled to pay it out of the assets of her estate. On a petition filed in the Orphans' Court by K. and A., as administrators d. b. n. c. t. a. of the estate of Mrs. Berry against McDowell as her executor, and E. and P. as his sureties, claiming the benefit of said sections of the Code, it was HELD:

1st. That the money paid on said judgment created a just claim against McDowell, which ought to have been returned as a debt due by him to Mrs. Berry, his testatrix.

2nd. That his commissions as executor of Mrs. Berry were applicable to the payment of this debt.

3rd. That according to said section 224, it was competent for the Orphans' Court, with the consent of the parties, to decide the question presented by the petition; or, with the Court's approbation, the parties might have referred it to an arbitrator; or, at the instance of either party the Court would have directed an issue to be tried by a jury.

4th. That the removed executor ought to have had an opportunity to appear and answer the petition.

5th. That if he evaded process, or for any reason it could not be served upon him, the Court ought to require him to enter an appearance to the petition, and if he should refuse to appear, he would be guilty of contumacy, and his commissions ought to be forfeited.

APPEAL from the Orphans' Court of Washington County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, MCSHERRY, BOYD and BRISCOE, J.

*Norman B. Scott, Jr.*, and *William Kealhofer*, (with whom was *Alexander Armstrong*, on the brief), for the appellants.

*J. Clarence Lane*, and \**Henry H. Keedy, Jr.*, for the appellees.

\* Mr. Keedy, though present at the hearing, took no part in the argument.

BRYAN, J., delivered the opinion of the Court.

Kealhofer and Armstrong, administrators d. b. n. c. t. a. of Louisa J. Berry, deceased, by petition in the Orphans' Court of Washington County, claimed the benefit of sections 224 and 225 of Article 93 of the Code. Section 224 requires every executor when he returns the list of debts due to his testator, to include among them any just claim which the decedent had against him. On his failure to do so, any person interested in the administration is authorized to allege the same by petition to the Court, and thereupon proceedings are directed for establishing it. Section 225 makes the same provision in the case of administrators; and further enacts that all commissions allowed to the executor or administrator shall be applied towards the payment of any such claim so returned or established.

The facts shown to our satisfaction by the record are as follows: In eighteen hundred and eighty, Mrs. Berry and George W. Pole became sureties on the bond of William M. McDowell, as executor of Jacob Schneider. In eighteen hundred and eighty-five, McDowell became the executor of Mrs. Berry, and Elias Emmert and George W. Pole became sureties on his testamentary bond. McDowell was removed from the executorship of Mrs. Berry's estate, and the appellants were appointed administrators de bonis non c. t. a. An action being brought on the bond executed by McDowell as executor of Schneider, a judgment was rendered against the appellants, as administrators d. b. n. of Mrs. Berry, by reason of her suretyship on the bond, and they were compelled to pay it out of the assets of her estate. The money thus paid was in satisfaction of the breaches of McDowell's bonds, and Mrs. Berry had rendered herself liable for these breaches by becoming surety for him. Her estate paid the money for his benefit. If this payment creates a just claim against McDowell, then, by the express language of the Code, it ought to be re-

Kealhofer and Armstrong, Admrs., &c. *vs.* Emmert *et al.*

turned as a debt due by him to Mrs. Berry, his testatrix.
When she signed his bond as surety, she became responsible for his faithful discharge of his duties as executor
of Schneider; and that responsibility was enforced against
her estate by a judgment against her administrators for
his delinquency. We know of no reason whatever why
McDowell ought not to repay this money. It is, in our
judgment, in every circumstance and feature a *just claim*
against him. It is of no consequence that the money was
not paid until after Mrs. Berry's death; she became responsible for McDowell's fidelity when she signed his bond,
and at the same time he incurred a reciprocal responsibility to indemnify her, in case she should incur loss by his
unfaithfulness in the discharge of his duty. Her death did
not extinguish the obligations which she assumed; nor
did it impair the legal rights which she had acquired.
Her administrators stand in her place to do and receive
what the law adjudges in respect to her acts and contracts.
When McDowell's letters, as executor of Mrs. Berry, were
revoked, it was his duty forthwith to render to the Orphans'
Court an account of his administration (Article 93, section 242), and therein he ought to have charged himself
with the sum of money paid in his behalf by Mrs. Berry's
administrators as a debt due by him to her estate. His
commissions of course would be applicable to the payment
of this debt.

What we have said will indicate our opinion on the
principal question involved in this case. But it is necessary to notice the method of proceeding which was adopted
in presenting the question to the Court below. The petition was filed against McDowell, the removed executor,
and against Emmert and Pole, his sureties. McDowell was
returned *non est*, and Pole *mortuus est*. Emmert answered the petition, and the Orphans' Court, after a hearing dismissed it, with costs. There seems to have been no
objection taken to making the sureties parties to the proceeding, or to receiving the answer of the one who was

Kealhofer and Armstrong, Admrs., &c. *vs.* Emmert *et al.*

summoned. They were interested in the question to be decided, and as Court and counsel acquiesced in the course pursued, we do not feel disposed to criticise it. The practice of the Orphans' Courts is very properly free from unnecessary technicalities, and admits of a great degree of liberality in the attainment of substantial justice. According to section 224, already cited, it was competent for the Orphans' Court, with the consent of the parties, to decide the question presented by the petition; or with the Court's approbation, the parties might have referred it to an arbitrator; or at the instance of either party, the Court would have directed an issue to be tried by a jury. We suppose from the record that the parties were willing to submit the question to the Court. We think, however, that the removed executor ought to have had an opportunity to appear and answer the petition. The record shows that he was returned "*non est*," and no further explanation is given on this point. The petition states that an administration account was about to be stated, and we perceive that the Court fixes the executor's commissions at four per cent. Probably an account was exhibited to the Court when it determined the rate of commissions; but they are not earned until the account is passed by the Court. But whatever may be the state of the case, McDowell ought to be summoned to answer the petition. If he evades process, or if for any reason it cannot be served upon him, the Court ought to require him to enter an appearance to the petition, so that the matter involved may be properly adjudicated. And if he should refuse to appear he would be guilty of contumacy, and his commissions ought to be forfeited.

We must reverse the decree of the Orphans' Court in so far as it dismissed the petition of the administrators *de bonis non,* and we will remand the cause for further proceedings in accordance with this opinion.

*Reversed and remanded.*

(Decided 26th April, 1894.)