ALBERT J. LONG *vs.* D. SCOTT LONG, One of the Administrators of David Long, Deceased. ALBERT J. LONG *vs.* ROBERT LONG, One of the Administrators of David Long, Deceased.

*Orphans' Court; pleading; petitions and answers; replications; issues to Court of law. Administrators or executors; failure to return claim; Code, Art. 93, secs. 227, 228. Equity; pleading; replication; failure to file; Code of Public General Laws, Art. 16, sec. 161.*

When a case is submitted to the Orphans' Court for its determination on petition and answer, if the answer denies its material allegations, the petition must be dismissed.     p. 133

Sections 227 and 228 of Article 93 of the Code of Public General Laws, providing for cases where executors or administrators are alleged to have failed to return, in the list of debts, just claims which the decedent had againts them, do not in terms provide for an answer by the executor or administrator, but the proper practice in such cases is to require the defendant to answer.     p. 134

Where there is a denial in the answer of the material facts alleged in the petition there should properly be a replication, if the petitioner desires to controvert the facts alleged in the answer. p. 134

Proceedings in the Orphans' Court are not required to be conducted as technically as in other courts. p. 134

The object of a replication in an equity proceeding is to put the cause at issue. p. 135

Section 161 of Article 16 of the Code of Public General Laws requires a general replication to be filed, in equity proceedings, within fifteen days after answer filed (with certain exceptions named), and renders the bill liable to be dismissed in case replication is not filed; but the lower Court may rescind a decree of dismissal on that ground before the decree is enrolled, and permit the replication to be filed. p. 135

There is no time fixed by statute within which a replication must be filed in the Orphans' Court, and a petition should not be dismissed merely because no replication has been filed where no previous steps have been taken to require it, such as a rule further proceedings. p. 135

To a petition filed under section 228 of Article 93 of the Code of Public General Laws the defendant had answered denying the allegations; another petition had been filed by the complainant, in which he stated he was advised that he was entitled to have the issues of fact tried by a jury as preliminary questions, and he prayed that the issues might be transferred to the Circuit Court for trial and named the issues proposed by him. *Held,* that it could not be said that the cause was set down for hearing on petition and answer. pp. 135-136

As the cause is ordinarily at issue only where a replication has been put in and the proceedings closed, yet a cause may be at issue by consent, expressed or implied, without replication. p. 136

Although it is proper to conduct proceedings in the Orphans' Court in an ordinary way, it is not a great departure from practice in those courts to treat the petition asking for issues as a sufficient substitute for a formal replication. p. 137

If a case be submitted on bill, or petition and answer, the facts
alleged in the answer must be taken to be true, and if the
Court find such facts entitle the petitioner to relief the bill
or petition must be dismissed.                         p. 138

Where a petition to the Orphans' Court praying that issues be
sent to a Court of law is sufficient to put the case at issue, a
formal replication is not necessary; yet if one is tendered it
should be received.                                    p. 138

*Decided February 23rd, 1911.*

Appeal from the Orphans' Court of Washington County.

The causes were argued before BOYD, C. J., BRISCOE,
PEARCE, SCHMUCKER, THOMAS, PATTISON and URNER, JJ.

*Charles D. Wagaman* (with whom was *Leon R. Yourtee*
on the brief), for the appellant.

*Thomas A. Poffenberger* (with *Norman B. Scott, Jr.,* on
the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

The appellant filed a petition in the Orphans' Court of
Washington County in which he alleged that the appellee,
who is one of the administrators of David Long of D;
deceased, is indebted to the estate in two sums named, but
that he did not include those claims in the list of debts filed
as due the decedent. The petition prays that the appellee
"be required to give in said claims in his list of debts as
administrator;" that the Court pass an order requiring him
to file an answer to the petition by some day to be named, and
that upon filing the answer issues arising out of the petition
and answer be framed and sent to the Circuit Court for trial.
An order was passed requiring the appellee to file an answer
on or before February 4th, 1910. An answer was filed on
that day, in which the appellee denied that he was indebted
to the estate of the decedent, and alleged that he and his two

co-administrators had made a full and complete return of
all the debts due the estate. Nothing more appears to have
been done until September 27th, 1910, when the appellant
filed another petition in which he referred to the former one,
and the answer thereto, and prayed that issues be transmitted
to the Circuit Court for trial. He proposed as the issue to be
sent, "Is Harry R. Long indebted to the estate of David
Long of D., deceased, if so, how much?"

On September 30th, the appellee asked that the petition
first filed be dismissed, (1) because by the answer, which was
under oath, all of the material allegations of the petition are
denied; (2) because under the pleadings there is no matter
or cause in law upon which issues can be granted; (3) because
under the pleadings the appellee is not indebted unto the
estate; (4) because there are no matters properly in issue
before the Court and between the parties set forth in the
petition and answer, whereon any issues can be framed and
sent to a Court of law; and (5) for other reasons to be
assigned at the hearing, etc. On October 4th, 1910, the
appellant filed a replication to the answer, but the same day
the appellee made a motion that it be not received. On the
18th day of October the Orphans' Court passed an order that
the replication be not accepted, and on the same day it passed
another order dismissing the original petition of the appel-
lant. Appeals were entered from both of those orders. In
the first one mentioned it is recited that the replication was
filed after the hearing of the motion of the appellee to dis-
miss the petition of the appellant. It was conceded at the
argument that the replication was filed after the hearing
mentioned, and the material question to be considered is
whether the Orphans' Court properly dismissed the petition,
inasmuch as there was no replication filed at the time of the
hearing of the motion to dismiss it.

If the cause was submitted to the Orphans' Court for its
determination on the original petition and the answer, there
can be no doubt that there was nothing for the Court to do
but dismiss the petition, as the answer unquestionably denied

the allegation as to the indebtedness, and if the answer be true there was no reason for sending issues to a Court of law. But can it be properly said that it was so submitted? Section 227 of Article 93 of the Code requires an executor to return any just claim which the decease had against him in the list of debts, "and on his failure to give in such claim, or any part thereof, any person interested in the administration may allege the same by petition to the Orphans' Court granting the administration, and the said Court, with the consent of the parties may decide on the same, or it may be referred by the parties with the Courts approbation; or at the instance of either party, the Court may direct an issue or issues to be tried, and the same shall be tried in the Circuit Court for the county, * * * as other issues from the Orphans' Court; * * * and a certificate from such Court, or the Judge thereof, of the verdict, or finding of the jury, under the seal thereof, shall be admittted by the Orphans' Court to establish or destroy the claim, or any part thereof." Section 228 of Article 93 makes the provisions of section 227 applicable to administrators.

It will be observed that this statute does not in terms provide for even an answer, but this petition asked that the administrator be required to answer, and that is undoubtedly the proper practice. *Kealhofer* v. *Emmert,* 79 Md. 248. Indeed, there would be nothing for the Court to decide, refer or grant issues upon, unless the administrator was notified and an opportunity to answer given, and it was evidently contemplated that there should be plenary proceedings, as provided in what are now sections 253, etc., of Article 93. It may be conceded that when there is a denial in the answer of the material facts alleged in the petition, there should properly be a replication, if the petitioner desires to controvert the facts alleged in the answer, but this Court has often said that proceedings in the Orphans' Court are not required to be conducted as technically as they must be in other Courts. It was said in *Kealhofer* v. *Emmert, supra:* "The practice of the Orphans' Court is very properly free from unneces-

sary technicalities, and admits of a great degree of liberality in the attainment of substantial justice." The object of a replication in an equity proceeding is to put the cause at issue, and there may be cases in the Orphans' Court where it is necessary to have a replication, or something equivalent to one, in order that it may be shown that the petitioner does not accept as true the allegations and statements made in the answer. But, although section 161 of Article 16 of the Code requires a general replication to be filed in equity proceedings, within fifteen days after an answer is filed (with certain exceptions named), and provides for the defendant taking steps to place the plaintiff in such default as to entitle him to have the bill dismissed, in case a replication is not filed, we held in the case of *Norris* v. *Ahles et al.*, decided at this term, that the lower Court could rescind a decree of dismissal on that ground, before it is enrolled, and permit the replication to be filed. There is no time fixed by statute within which a replication must be filed in the Orphans' Court, and it would be holding parties to a much stricter account than is done in equity, where the statute does in terms prescribe the time, to dismiss a petition merely because no replication had been filed, although no previous steps had been taken to require it. There should at least be some procedure equivalent to that in equity, such as a "rule further proceedings," before the Orphans' Court should deprive a petitioner of this right to be heard for that reason.

We find nothing in this record which would justify us in saying that the cause had been set down for hearing by the Orphans' Court on petition and answer. On the contrary, the appellant had filed the other petition, which showed, certainly as clearly as a mere general replication would have done, that he disputed the facts alleged in the answer, as he expressly asked that they be passed on by a jury. It stated: "That your petitioner is advised that he is entitled to have the issues of facts raised as to the matter of said petition and answer to be tried and determined by a jury as preliminary questions, and he therefore prays that issues may be trans-

mitted to the Circuit Court for trial," and then went on to
name the issue proposed by him, as stated above. Three
days after that the appellee asked to have the original peti-
tion dismissed for the reasons mentioned above, but did not
ask that the petitioner be required to file a replication. It
was upon the day of the hearing upon that motion of the
appellee that the replication was filed. Surely, under such
circumstances, the appellee could not have been misled into
the belief that the matters raised by the original petition of
the appellant and the answer of the appellee were being sub-
mitted on said petition and answer.

In *Hall* v. *Clagett,* 48 Md. 223, which was a cause in
equity, this Court said: "The case is ordinarily at issue only
when the replication has been put in and the pleadings closed.
*Story's Eq. Plea.,* sec. 886. But the cause may be at issue
by consent, express or implied, without replication; as in this
case, if no replication had in fact been filed, from the order
of the proceedings, the consent for the issuing of the com-
mission to take testimony, of which each party availed itself,
virtually imported that the parties were at issue without the
formality of a replication. *Md. & N. Y. C. & I. Co.* v. *Win-
gert,* 8 Gill, 178." It was said in the case in 8 *Gill,* that "In
England, after a commission has been issued by consent, and
testimony has been taken, Courts of equity consider the repli-
cation so much a matter of form, as that they will allow it to
be filed *nunc pro tunc,* even after decree. *Mosely's Rep.* 296;
*Rodney* v. *Hare et al."* See also *Miller's Eq. Proc.* 222.

If therefore this motion had not been made, but issues had
been granted as prayed for, it is clear that the verdict of the
jury could not have been disturbed because there was no rep-
lication, and, although nothing appears in the record to
show that any rule had been laid on the petitioner, or that his
attention was even called to the omission (excepting in so
far as it was done by the general reference to the pleadings
in the motion filed by the appellee), to determine that the
petition must be dismissed because there was no replication
would be holding a petitioner in the Orphans' Court to a

stricter compliance with the rules of pleading than would be done in a Court of equity. Setting a case down for hearing on a petition and answer is altogether different from hearing a motion to dismiss the petition, which this record shows was done, especially when the Court then had before it an application to send issues to a Court of law, in order to have the facts raised by the petition and answer determined.

Although it is proper to conduct the proceedings in the Orphans' Court in an orderly way, it would at least not be a great departure from the practice in those Courts to treat the petition of September 27th asking for issues as sufficient substitutes for a formal replication, for we cannot understand how the appellee or the Court could have had any doubt from that petition that the appellant intended to put the cause at issue; indeed, that he understood that it was at issue—especially as under the statute the Orphans' Court was only authorized to decide the question *"with the consent of the parties"*. He was certainly not manifesting such consent when he was seeking to have the trial question at issue sent to a Court of law to be determined.

We have not deemed it necessary to examine the records in the various cases in this State to ascertain how far it can be said that the general practice is to file replications in the Orphans' Court, but in the recent case of *Gallagher* v. *Martin,* 102 Md. 115, there was none, and this Court reversed the order of the Orphans' Court because it did not set the case for hearing and afford the appellant an opportunity to offer evidence in support of the allegations of his petition, which were denied by the answer. Of course, a case like *Daugherty* v. *Daugherty,* 82 Md. 229, is very different, as is was clearly submitted to the Court on petition and answer. As Judge Roberts said, "The case was submitted to the Court for its final order without replication and without testimony taken to sustain the respective contentions of either party to the controversy. In this state of the case the allegations contained in the answer must be assumed to be true." There can be no doubt about the correctness of

that decision, for if a case be submitted on bill or petition and answer the facts alleged in the answer must be taken to be true, and if the Court finds that such facts disentitle the plaintiff or petitioner to relief, that is the end of his case, so far as the Court is concerned.

Without prolonging this opinion, our conclusion is that the Court was in error in dismissing the petition, and although the petition of the appellant filed on September 27th, 1910, was in our judgment sufficient to put the cause at issue, and hence a formal replication was not necessary for that purpose, yet as the appellant tendered one, it should have been received. If the order that the replication be not accepted had been the only one appealed from it might not have been necessary to reverse the case, for the reason that it could have been treated as harmless error, but as the order dismissing the petition must be reversed, and the appellant should be allowed to file a replication, if he desires to do so, we will reverse both orders so that the replication can be filed.

> *Orders reversed, and cause remanded—the*
> *appellee to pay the costs.*