## ALBERT J. LONG vs. HARRY R. LONG.

*Amendment of pleadings:. Code of Pub. Gen. Laws, Art. 75,
sec. 34; Orphans' Courts; leave to amend; discretion
of Courts; no appeal. Executors and adminis-
tractors; debt to estate; limitations.*

The Code of Public General Laws, Article 75, section 34, relat-
ing to the amendment of pleadings, leaves it to the Court's
discretion to permit or refuse application to amend.  p. 200

And although the Code of Public General Laws, Article 75,
section 34, applies only to Courts of law, yet the proceedings
in Orphans' Courts, where no formal pleadings are requisite,
should not have applied to them rules more stringent than
those applied to Courts of Law.                         p. 201

From an order of the Orphans' Court allowing an amendment
to an answer, no appeal will lie.                  pp. 200,201

Against a debt due personally by an executor to his testator
the statute of limitations does not run.               p. 202

*Decided May 10th, 1912.*

Two appeals from the Orphans' Court of Washington
County.

The cause was argued together before BOYD, C. J., BRIS-
COE, PEARCE, BURKE, THOMAS and STOCKBRIDGE, JJ.

*Frank G. Wagaman* (with a brief by *Wagaman and Waga-
man* and *Leon R. Yourtee*), for the appellants.

*T. A. Poffenberger* and *Norman B. Scott,* submitted a
brief for the appellees.

Md.]

STOCKBRIDGE, J., delivered the opinion of the Court.

On January 27, 1910, Albert J. Long filed two petitions in the Orphans' Court of Washington County, one against Harry R. Long and the other against D. Scott Long, two of the administrators of David Long of D., deceased, in one of which he alleged that Harry R. Long was indebted to the estate of David Long of D., deceased, and in the other that D. Scott Long was indebted to the same estate, in certain named sums of money, and that the said Harry R. Long and D. Scott Long, who were two of the administrators of David Long of D., had not included the indebtedness due by them respectively, in the list filed of debts due to the estate of their decedent. The petition prayed that upon the filing of answers, issues should be framed and sent to the Circuit Court for Washington County for trial.

Answers to these petitions were filed on February 4th; and in the month of September following Albert J. Long again applied to the Orphans' Court for issues to be transmitted to a Court of law, and proposed one issue. Then followed a motion to dismiss the second petition, and a motion of *ne recipiatur* with regard to a replication proposed to be filed by Albert J. Long to the answers of Harry R. and D. Scott Long. In October, 1910, the Orphans' Court granted the motion of *ne recipiatur* so made and dismissed the petition. This action of the Orphans' Court was the occasion of an appeal to this Court, the decision of which will be found reported in *Long* v. *Long,* 115 Md. 130. This Court reversed the action of the Orphans' Court of Washington County, holding that the motion of *ne recipiatur* should have been overruled, that the petitioner, Albert J. Long, had in effect filed a replication, by his petition for an issue after answer, and that therefore the petition had been improperly dismissed.

When these cases were returned to the Orphans' Court of Washington County, objections were filed by each of the administrators to the granting of the issue as proposed by the original petition of Albert J. Long, and also tendering

on behalf of Harry R. and D. Scott Long respectively, certain other issues.

The issues thus presented by the original petitions of Albert J. Long, and by each of the administrators, Harry R. and D. Scott Long, were all rejected by the Orphans' Court by its order of January 5th, 1912, and in lieu of them, by the same orders, issues were framed as follows:

Was Harry R. Long indebted to David Long of D., deceased, at the time of the death of the said David Long of D. and is he still so indebted?

If so indebted, what is the amount of his indebtedness?

Was D. Scott Long indebted to David Long of D., deceased, at the time of the death of the said David Long of D., and is he still so indebted?

If so indebted, what is the amount of his indebtedness?

On January 22nd, 1912, Harry R.. and D. Scott Long each applied to the Orphans' Court for leave to amend the original answers, which had been filed by them nearly two years before, the amendment to consist of the insertion in each of said answers of the following paragraph:

That the said alleged indebtedness did not accrue within three years prior to the death of said David Long of D. and that said alleged claim is barred by the Statute of Limitations. To this application for leave to amend, an answer was filed and a hearing given, and the leave which had been asked was granted. Then after an application for a reargument, which was granted, the order of January 30th, was reaffirmed by an order passed on February 23rd, and it is from these orders of January 30th and February 23rd, respectively, that the present appeals are taken. The question which the records present is the very simple and narrow one of the right of the Orphans' Court to permit the amendment. Some degree of discretion is necessarily reposed in Courts in their exercise of the power to permit or refuse applications to amend, although the language of the statute relating to amendments, *Code P. G. L.,* Art. 75, sec. 34 is extremely broad in its terms. By its terms it relates only to pleadings in Courts of law, but when, as in the Orphans'

Courts of this State, no formal ·pleadings are required, and the proceedings are simple and intended to be unfettered by any technical rules of pleading, no reason appears, and no authority has been cited why a more stringent rule should be applied to proceedings in the Orphans' Courts, than is applied to cases in Courts of law. *McCambridge* v. *Walraven*, 88 Md. 383; *Long* v. *Long*, 115 Md. 130.

From the issue proposed by each of the administrators, "did said alleged indebtedness accrue within three years prior to the death of David Long of D., deceased," and from the briefs of counsel, it is manifest that the purpose of the proposed amendment was to enable the two administrators, Harry R. Long and D. Scott Long, each to demand an issue which should enable them to interpose a plea of limitations to the claim that there was due from each of them a certain sum to the estate of their decedent. This issue had once been presented by them to the Orphans' Court and refused. The counsel for the appellant seems to have apprehended that under the order allowing the amendment, an issue upon the question of limitations would be granted, and for that reason took the present appeals. Such action was premature, as even under the amended answers it by no means follows that the Orphans' Court would reverse its previous action in refusing to grant an issue upon that point, and for that reason the present appeal must be dismissed.

The right to interpose a plea of limitations in a case like 'the one now presented was discussed, both in the briefs of counsel and at the argument. Therefore, an expression of the view of this Court at this time will obviate any occasion for an appeal hereafter upon such point. The precise question thus presented, the right of an executor or administrator to plead limitations with regard to a debt claimed to be due by him to the estate of his decedent, was answered in *Juilliard* v. *Orem*, 70 Md. 471, in which the following language is used: "As one of Orem's executors, Chase ought to have given in these claims against himself as assets of the decedent's estate in stating the accounts in the Orphans' Court, and, of course, ought to have paid them. They are payable

by himself in his individual · capacity to himself in his
. fiduciary capacity. No statute of limitations applies to such
a case." While the last sentence is somewhat in the nature
of a dictum, it is in full accord with the adjudicated cases.
The general principle is thus stated in 18 *Cyc.* 230, para-
phrasing the language of CHIEF JUDGE BLECKLEY, in
*Thompson* v. *Thompson,* 77 Ga. 692, 701. "Where the
representative is individually indebted to the estate, no bar of
limitations should operate in his favor so long as he remains
accountable for the general assets of the estate." See also
opinion by *Bird,* Vice-Ch., in *Haines* v. *Haines,* 15 Atl.
Rep. 839, and in the case of *Ingle* v. *Richards,* 28 Beav.
366, SIR JOHN ROMILLY, Master of the Rolls, held that a
lapse of fourteen years was not sufficient for such a plea to
be set up.

This position is in analogy to the familiar doctrine that
the law will not recognize the inability of a debtor to an
estate to pay the amount of his indebtedness, when he is also
the executor or administrator, but requires him to charge
himself with the amount of such indebtedness and account
for it as an asset which is in his hands, even though the
debtor may be wholly unable to pay the debt. *Leland* v.
*Felton,* 1 Allen, 531; *Weems* v. *Bryan,* 21 Ala. 302; *Man-
ning* v. *Thruston,* 59 Md. 218; *Lambrecht* v. *Gill,* 57 Md.
240; *Hoffman* v. *Armstrong,* 90 Md. 130.

The action of the Orphans' Court of Washington County
was correct, therefore, in refusing the issue asked upon the
question of limitations, and that Court should still refuse
it, even after the amendment to the answers. This still
leaves open to Harry R. and D. Scott Long to show that no
such indebtedness as is claimed, ever existed, or that it has
been paid, or that what is claimed to have been indebted-
ness, was in reality a gift.

But for the reason before named, these appeals were pre-
maturely taken and must be dismissed.

> *Appeals in Nos.* 21 *and* 22 *dismissed, with
> costs to the appellee in each case.*