WILLIAM H. HARLAN, Executor, *v.* JOHN W. HUNTER
[No. 35, April Term, 1936.]

*Decided June 9th, 1936.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHN-SON, JJ.

*William H. Harlan,* for the appellant.

*John L. G. Lee,* for the appellee.

PARKE, J., delivered the opinion of the Court.

The will of Ida W. Hunter was admitted to probate on October 29th, 1932, and William H. Harlan, who was

named executor, with power to sell land, qualified and proceeded with the administration of the estate. After providing for the payment of debts and funeral expenses, the executor was directed to divide all the real and personal property into three parts. Two of these parts were absolutely given to a son and daughter, and the executor was instructed to invest the remaining share for the use and benefit of a daughter for life, and then over to her children in equal portions, subject to certain substitutions on contingencies which do not require statement for any purpose of this appeal.

On April 11th, 1933, inventories of personal property were filed, and a first administration account was not filed until February 4th, 1936. The estate accounted for in part aggregated $2,401.94; and the allowances amounted to $2,344.99, and the residue of $56.95 was undistributed and remained in the hands of the executor. In this account the executor ignored certain personalty which, according to the inventory of securities, had a value of $6,550. Included in this last aggregate was a judgment for $2,500, with interest from September 22nd, 1931, which had been obtained against the Peach Bottom Slate Company on an overdue note for $2,500, dated June 22nd, 1928, with the personal indorsement of William H. Harlan and one Harry P. Rees. In addition to these indorsements, and the judgment against the principal debtor, the estate held pledged as collateral security $3,000 in bonds which had been issued by the debtor.

In his administration account, the executor claimed an allowance of ten per centum commission on the amount of the estate that he accounted for, and, after deducting the tax, the net amount, he, on this basis, would be entitled to receive was $216.18. After the account had been presented and sworn to by the executor, but before its passage by the Orphans' Court, John A. Hunter, a son and legatee of the testatrix, filed an objection to the account on the ground that the accountant should be charged with the principal and interest of the note of the Peach Bottom Slate Company because of the execu-

tor's personal indorsement, and that any commissions which might become due to the accountant should be appropriated to the payment of the note and interest. The exceptant interposed in his objection the suggestion that there should be some renewal of the original obligation to be signed by both indorsers, in order that the defense of limitations might not be pleaded by them. On these grounds the Orphans' Court was prayed to refuse to pass the account.

The executor demurred to the petition of the legatee on the grounds, first, that the exceptant had failed to state in the petition that the inventory had disclosed that the note had been reduced to judgment against the principal debtor and was secured by its bonds in the sum of $3,000; and, secondly, that the Orphans' Court was without jurisdiction to consider and determine the matters set forth in the petition. The court heard the demurrer, and overruled it; and, on the executor's refusal to answer the petition, passed an order declining to ratify his proffered first account. The executor has filed an appeal from the order which overruled the demurrer, and from the order which refused to ratify the administration account.

A demurrer has no place in the Orphans' Court. *Strasbaugh v. Dallam,* 93 Md. 712, 714, 50 A. 417; *McCambridge v. Walraven,* 88 Md. 378, 386, 41 A. 928; *Hamill v. Hamill,* 162 Md. 159, 169, 159 A. 247; *King v. Bork,* 166 Md. 17, 19, 170 A. 524. A pleading in that form may be treated as an answer, or as an objection to the jurisdiction of the court, or as an exception to the sufficiency of the petition. *Bagby on Executors & Administrators* (2nd Ed) secs. 147, 148; *Hignutt v. Cranor,* 62 Md. 216, 218; *Hamill v. Hamill, supra.* Here no objection was made to the demurrer as an improper pleading, and the Orphans' Court did not refuse to entertain the demurrer, but treated it as presenting the questions it raised. Taking the first point, that the petitioner had willfully failed to state that the note in controversy had been reduced to judgment against the principal debtor and was secured by $3,000 in bonds of the debtor corporation, it is neither

good as an exception to the sufficiency of the petition nor as an answer. Nor is the second point tenable, that the court was without jurisdiction to entertain the petition.

Taking up these questions in their logical sequence, the orphans' court has jurisdiction in matter of accounting by executors and administrators and of the allowance of their commissions. Nothing is more peculiarly within its province. *Bagby on Executors and Administrators* (2nd Ed.), secs. 106, 107; Code, art. 93, secs. 5, 245, and sec. 243, as amended by Laws 1931, ch. 437. Every executor or administrator shall render to the orphans' court of the county in which he obtained letters the first account of his administration within the period of twelve months from grant of his letters testamentary or of administration. Code, art. 93, secs. 1-3. He is charged with a debt which he has returned sperate, unless he can show that it has not been paid nor lost by his default. Code, art. 93, sec. 233; *Daingerfield v. May*, 31 Md. 340, 345; *Cooke v. Cooke*, 29 Md. 538, 551; *Seighman v. Marshall*, 17 Md. 550, 571. Furthermore, if he delays suing on a valid claim until limitations can be pleaded, he is responsible for the result. *Hoffman v. Armstrong*, 90 Md. 123, 131, 44 A. 1012; *Seighman v. Marshall*, 17 Md. 550, 571. Nor can he plead limitations against a claim due the estate by himself. *Long v. Long*, 118 Md. 198, 201, 202, 84 A. 375; *Julliard v. Orem's Exrs.*, 70 Md. 465, 471, 17 A. 333; *Whiting v. Leakin*, 66 Md. 255, 266, 7 A. 688. The administrator or executor must account for any just claim which the decedent had against him, if he return it in the list of debts, as if it were money in his hands, provided, however, that if he was insolvent when he qualified, his bond shall not be liable beyond the commissions allowed him. Code, art. 93, secs. 235, 236; *Long v. Long*, 118 Md. 198, 202, 84 A. 375; *Linthicum v. Polk*, 93 Md. 84, 95, 48 A. 842; *Hoffman v. Armstrong*, 90 Md. 123, 130, 44 A. 1012; *Kealhofer v. Emmert*, 79 Md. 248, 251, 29 A. 68; *Julliard v. Orem's Exrs.*, 70 Md. 465, 471, 17 A. 333; *Whiting v. Leakin*, 66 Md. 255, 266, 7 A. 688.

With reference to commissions, the orphans' court has jurisdiction to allow commissions to executors or administrators within the limits prescribed by the various sections of the Code (art. 93, sec. 5), and to review its action on application within a reasonable time, and to reduce the commissions originally fixed, since they are not regarded as earned until the administration account is passed by the court, and they are allowed in fair compensation for services when considered with respect to the nature and extent of labor done in the settlement of the estate. *In re Estate of Watts,* 108 Md. 696, 699-702, 71 A. 316; *York v. Maryland Trust Co.,* 150 Md. 354, 357, 358, 363, 133 A. 128; *Kealhofer v. Emmert,* 79 Md. 248, 252, 29 A. 68; *Dalrymple v. Gamble,* 68 Md. 156, 11 A. 718; *In re Estate of Stratton,* 46 Md. 551, 554; *Hardt v. Birely,* 72 Md. 134, 138, 139, 19 A. 606.

So it is clear that the subject-matter of the petition was within the jurisdiction of the Orphans' Court. If the demurrer be taken to be an exception to the sufficiency of the petition, this second objection must be denied. An answer is demanded by the allegations of the petition. It objects to the passage of the account on the ground that the testatrix died in October, 1932, and that the executor qualified and, proceeding with the administration, filed an inventory in which he listed a note given on December 22nd, 1928, by the Peach Bottom Slate Company to the testatrix for the sum of $2,500, payable six months after date, and indorsed personally by William H. Harlan, now the executor, and one H. P. Rees; and that on the making of the loan William H. Harlan gave the payee a guaranty of the obligation and promised that the interest be paid quarterly to the payee. It is further alleged that no part of the principal has been paid, and that the interest thereon is due and owing from September 22nd, 1931, with the original note in the possession of the executor. It further shows that the executor submitted, on February 4th, 1936, to the Orphans' Court for passage and approval his first account. The specific objections which are made are that

the accountant should have charged himself with the principal and interest of the obligation of which he is an indorser and a guarantor, and that whatever commissions might be allowed should be applied as a credit on the obligation. In view of the duty and liability imposed upon the executor, these charges require an answer.

And, finally, if the demurrer be regarded as an answer, it is not responsive in admission nor in denial, nor is it in avoidance of the allegations of the petition. It is not a good defense to say that the note is secured by a judgment of the Peach Bottom Slate Company and $3,000 of the bonds of the company. It was the duty of the executor to collect this debt. If the failure for so long a period to enforce payment is susceptible of a reasonable explanation or justification, it remains to be made. Furthermore, the amount of commission is to be fixed according to whatever may be the rate allowed, and the commissions must, until the obligation be fully paid, be credited on the obligation and charged in the administration account as part of the assets in the hands of the executor for disbursement and distribution. *Supra.*

The right of the executor to have the rate of his commissions fixed by the Orphans' Court is a matter that is not involved on this record. The questions which arose on the petition related to the failure of the executor to charge himself with either the amount of an obligation to the estate for which he is bound as an indorser or guarantor, or with the net amount of his commissions as a payment on account of the obligation in default.

For the reasons which have been assigned, the orders of the Orphans' Court from which the appeal has been taken will be affirmed, and the cause remanded for further proceedings. Since the appeal was not for the benefit of the estate of the testatrix, the costs will not be allowed against it.

*Orders appealed from affirmed, and cause remanded, with costs.*