GEORGE RHODES AND JANE, HIS WIFE, AND DAVID YOUNG, AND PHOEBE, HIS WIFE, *vs.* JOHN T. VINSON AND HARRIET, HIS WIFE, AND ARMISTEAD T. HAGAN.—*Dec.* 1850.

The destruction of a will in the presence of the testator, or even by his own hands, will not amount to a revocation in law, unless he had at the time capacity to understand the nature and effect of the act, and performed it, or directed it to be performed, freely and voluntarily, with intent to effect a revocation.

Where the contents of a will improperly destroyed, are satisfactorily proved by witnesses, they will be established as the will, but the policy of the law, which throws around wills more protections than to any other mode of conveyance, requires such contents to be proved by the clearest, the most conclusive and satisfactory proof.

The proof of the *entire* contents must be conclusive and satisfactory.

APPEAL from the orphans court of *Montgomery* county.

This was a plenary proceeding, instituted by said orphans court upon the petition of the appellees, to set up a last will and testament, which the petition alleges was executed by a

22    v.9

certain *Joshua Chilton*, the grandfather of the appellees, *Harriet* and *Armistead*, in his lifetime, when he was of sound and disposing mind, memory and understanding, and capable in law of making a valid deed or contract, and which he destroyed when he was not capable of revoking a last will and testament, he being at the time in charge of a committee as a lunatic.

The appellees attempted to prove the execution of said last will and testament according to law, to pass real and personal estate, when of sound and disposing mind, &c., and its destruction by said *Joshua Chilton*, when of unsound mind, &c., by several witnesses, whose depositions were written down and filed in the cause. Upon these depositions and papers filed, (the purport and effect of which are sufficiently stated in the opinion of this court,) the orphans court decreed in favor of the said will, and ordered the same to be recorded, as substantially proven by them, from which decree *George Rhodes* and *Jane*, his wife, a daughter of said *Chilton*, and *David Young* and *Phœbe*, his wife, also a daughter of said *Chilton*, appealed.

The cause was argued before SPENCE, MAGRUDER, MARTIN and FRICK, J.

By McLEAN for the appellants, and
By R. J. BOWIE for the appellees.

SPENCE, J., delivered the opinion of this court.

After a careful examination of the authorities, bearing upon the questions of law, presented for our adjudication in this case, we are satisfied that the court correctly announce the law, both upon principle and authority, in the case of *Idley vs. Bowen*, 11 *Wendell*, 235.

The doctrine in the case of *Idley vs. Bowen* is as follows: "The destruction of the instrument, by the direction and in the presence of the testator, or even by his own hand, will not amount to a revocation in judgment of law, unless he had at that time sufficient capacity to understand the nature and effect of the act, and performed it, or directed it to be performed free-

ly and voluntarily, with the intent to effect a revocation; and although the instrument is not in being, its contents having been satisfactorily shown, there is no difficulty in establishing it as a will, if it is shown to have been improperly destroyed, *vide Trevelyan vs. Trevelyan*, where the same doctrine is held, 1 *Phillimore* 149.

We shall not stop to inquire as to proof of the capacity of the testator, at the time of the execution of the will, or of its legal attestation, but concede that both of these requisitions were legally gratified. We are first to inquire, whether the contents of the paper, which was destroyed are satisfactorily proved.

The policy of the law has thrown around last wills and testaments, as many, if not more, shields to protect them from frauds, imposition and undue influence, than any mode of conveyance known to the law.

Can there be a doubt, that in cases like the present where the object is to establish the contents of a paper which has been destroyed, as and for a last will, that policy does require the contents of such paper to be established by the clearest, the most conclusive and satisfactory proof? We think not.

We think this very case furnishes a clear illustration of the soundness of that policy, which requires that the proof of the entire contents should be conclusive and satisfactory; and the authorities on this question all hold this doctrine. Is such the proof in this case? There are some four or five witnesses, no two of whom agree as to the entire contents of the will, all or nearly all affirm their recollection to be indistinct and imperfect. This fact, coupled with the vagueness, uncertainty and discrepancy of the proof of the contents of the instrument, seems more to confuse than to convince the mind and satisfy the judgment what the contents of the will were. This court has no standard, or scale, by which they can measure and determine the weight of the testimony of the different witnesses, in order that any one of them should preponderate over all the rest; which would be indispensible, where they all conflict, in order to arrive at a satisfactory conclusion, as to what the contents of the instrument were.

We forbear to express any opinion upon the question of capacity, at the time of the destruction of the paper, for the reason that it is one of fact, and would not change the decision in the case.

The decree of the orphans court is reversed with costs.

DECREE REVERSED WITH COSTS.