## KASTER ET AL. *v.* KASTER ET AL.

WILL. — *Lost or Destroyed Will.* — *Concealed Will.* — *Practice.* — *Pleading.* — Assuming that the circuit court has jurisdiction, under proper circum-stances, to establish a will which has been duly executed, but afterwards lost or destroyed, yet a complaint to establish a will which did not allege that the will had been lost or that it had been destroyed, but alleged that, after the testator's death, the defendant got access to his papers and

there found the will and got it into his possession and " concealed and suppressed *or* destroyed the same," was held insufficient on demurrer, it not being certain from its averments that the will was not in existence and could not be brought before the court to be proved by a citation under sections 25 and 26, 2 G. & H. 556.

From the Shelby Circuit Court.

S. *Major* and C. *Wright*, for appellants.

B. F. *Love*, B. F. *Davis* and R. A. *Black*, for appellees.

Downey, J. — Action by the appellees against the appellants, commenced on the 18th day of April, 1871. The appellants, with two exceptions, and also the appellees, are heirs at law of Benjamin Kaster, deceased.

It is alleged in the complaint that the deceased died on the 10th day of January, 1857, testate, in Shelby county, in this State, the owner of several tracts of land, which are particularly described in the complaint, and also personal estate. It is stated that the deceased left a widow, but that she had departed this life before the commencement of this action. It is further alleged, that after the death of said Benjamin Kaster, partition of said real estate was made among said widow and heirs; but the exact date when this occurred does not appear. The complaint states particularly the part of the real estate which was set off to each of the parties.

It is then alleged that some time before the death of said Benjamin Kaster, he made his last will and testament, signed by him, and attested and subscribed in his presence by Joseph Cummins and William H. Bainbridge, competent witnesses, and that the deceased was then competent to devise his property, and not under coercion.

The complaint then proceeds as follows:

"Said will specified and provided, after the decease of said testator, Benjamin Kaster, that, out of the effects of the estate of said testator, one hundred dollars should be paid to the defendant William Kaster, and one hundred dollars to each of the following named persons, to wit: to said Albert Vanvost, Ann Eliza Vanvost and Catharine Vanvost, but

since intermarried with, and now the wife of, the above named defendant Jackson Irving, to be paid out of the effects of the estate of said testator after his decease; and that all the residue of the estate, real and personal, of said testator, that he should own after his decease, should be used and enjoyed by his widow, Priscilla Kaster, for and during the term of her natural life, and at her death to go to and be owned by and be equally divided between the plaintiffs, James Kaster and Lewis Kaster, as the absolute and unqualified owners thereof; the above being substan-tially the provisions, devises and bequests in said will con-tained, and being substantially the whole contents thereof."

It is averred that the deceased died, leaving said will in full force; that, after his decease, William Kaster and John Kaster, two of the defendants, "got access to the papers of the testator, and there found and discovered said will, and got the same into their possession, and concealed and sup-pressed or destroyed the same."

It is also alleged that administration of the personal estate was granted, and the same was finally settled, in ignorance of the existence and suppression of the will.

It is further stated, that at the time of the death of said. Benjamin Kaster, at the time of the appointment of the administrator, at the time of the partition of the lands, and at and ever since the death of said testator, they were wholly ignorant of the facts that said testator had made said will and of the existence thereof, or that they had any interest in said lands, except by descent; and they charge that said William Kaster and John Kaster fraudulently concealed said will and the existence thereof from the plaintiffs.

It is then alleged that John Kaster sold and conveyed to the defendant Michael Billman forty-seven acres of the land set off to him in the partition, and that another of the defend-ants conveyed his share to one Lewis Burkher, and that: Billman and Burkher knew of the will and of the plaintiffs' rights under the same.

The complaint further states, that at the time of the death

of said Benjamin Kaster, at the time of the settlement of his estate, and at the time of the partition of said lands, the plaintiffs, and each of them, were infants under twenty-one years of age.

Prayer, that the will be established and probated, and that the order for partition be set aside, and said conveyances set aside, and for all other proper relief.

The sufficiency of the complaint was brought in question by a demurrer thereto, alleging that it did not state facts sufficient to constitute a cause of action. The court adjudged it sufficient, and overruled the demurrer. There was an exception to this ruling of the court, and it is assigned as error. No objection is made to the complaint on the ground that it should have been filed as a complaint to review the judgment in the partition suit, and we decide nothing on that point. We assume that jurisdiction exists in the circuit court to entertain a complaint, under proper circumstances, to establish a will which has been duly executed, but afterwards lost or destroyed. The statute apparently recognizes the existence of the jurisdiction. 2 G. & H. 561, sec. 51, and p. 562, sec. 53. Another part of the same act, 2 G. & H. 556, secs. 25 and 26, gives the court power and authority to issue a citation to any person, alleged to have the custody of any will, requiring him to produce the same before the court, that it may be proved, and the court is authorized to imprison such person if he refuse, etc. These portions of the act evidently contemplate a different state of facts and a different mode of proceeding from those required in an action to establish a will which has been lost or destroyed.

The complaint in the case under consideration was intended as a complaint to establish a will which had been lost or destroyed. Hence the question is, does it, by its averments, make a case entitling the party to such relief? We think it does not. It does not show that the alleged will, which it seeks to have established, was either lost or destroyed. It should allege one or the other, in order to be

sufficient. What it avers is, that the defendants "got access to the papers of the testator, and there found and discovered said will, and got the same into their possession, and concealed and suppressed *or* destroyed the same." In a proceeding requiring so much certainty of allegation and clearness of proof as is required in this proceeding, this allegation must be held insufficient. It is not certain, under the allegation, that the will is not in existence and can not be got before the court and proved in the other mode of proceeding contemplated by the statute.

For this defect in the complaint, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.

Opinion filed November term, 1875; petition for a rehearing overruled May term, 1876.