(Decided December 21st, 1898.)

---

## STEPHEN A. POTTS ET AL. *vs.* PHILIP E. POTTS ET AL.

*Appeal from Orphans' Court—Finality of Order.*

To a petition in the Orphans' Court alleging that a will had been obtained by fraud and undue influence, the executors filed an answer setting forth that they had passed a final account distributing the estate and that the petitioners had executed releases. The Orphans' Court adjudged that the answer was not sufficient and ordered the executors to answer further. *Held,* that no appeal lies from this order because it is not final.

Appeal from the Orphans' Court of Talbot County.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*J. Frank Turner* (with whom was *Joseph B. Seth* on the brief), for the appellants.

No appearance for the appellees.

FOWLER, J., delivered the opinion of the Court.

Perry Potts, late of Talbot County, died leaving a last will by which the appellants, Stephen A. Potts and William H. Potts, were appointed executors. It was duly admitted to probate, and the executors, having accepted the trust, proceeded to administer the estate. On the 19th of October, 1897, they passed their final administration account in the Orphans' Court of Talbot County. The appellees who are children of the testa-

tor and legatees under his will executed a deed of re-
lease to the executors by which they acknowledged full
payment of the legacies bequeathed to them, and re-
leased the executors from all claims on account thereof.
But on the 12th of July last they filed a petition in the
Orphans' Court in the nature of a caveat alleging fraud,
undue influence, want of testamentary capacity and that
the will was not executed in due form as required by
law.   In their answer to this petition the executors,
after alleging that they had fully administered the per-
sonal estate, and had passed their final account, set up
and pleaded the foregoing release as an absolute estop-
pel.   The Orphans' Court, however, on the 27th of
September last passed an order adjudging that the an-
swer was not sufficient, and requiring the executors to
answer fully.   From this order they have appealed.

It is evident, however, that the order appealed from
is not final in its nature, and therefore no appeal lies
from it.   The fact that the Orphans' Court by its order
declared that the defence set up by the answer was not
sufficient, and required a *further* answer demonstrates
that its action was not final.   It is possible that although
the defence relied on was erroneously held insufficient,
yet some other defence may have been set up which
might have been held good, and the erroneous action
now complained of would have been without injury.
Hence the necessity and the wisdom of the provisions
of our Code which have been held to allow appeals to
this Court only from final orders or orders final in their
nature.   It was suggested that the order appealed from
virtually decides that the executors have no right to
rely upon the estoppel set up in their answer, and that
they are entitled to have that question decided in order
to avoid expensive litigation.   But the difficulty is that
the Orphans' Court has no jurisdiction to pass upon
the validity of the releases.   That is the province of
another jurisdiction.   It was so held in *Shafer* v. *Shafer*,
85 Md. 561.

*Appeal dismissed.*

(Decided December 21st, 1898.)