## C. CLINTON JAMES ET AL.

*vs.*

## BENJAMIN H. PARKER ET AL.

*Wills: lost or destroyed; secondary evidence; allegations and proof.*

For secondary evidence of the contents of a will to be admitted and given effect as constituting a last will and testament alleged to have been lost or destroyed—the allegations, supported by proof, must be clear that the will was either *lost* or *destroyed.*

p. 469

*Decided December 12th, 1917.*

Appeal from the Orphans' Court of Montgomery County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*George Francis Williams* and *C. W. Prettyman,* for the appellants.

*Daniel Thew Wright* (with whom were *T. Morris Wempler* and *Wm. Outerbridge Spates* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The questions presented for consideration in this case arise upon a demurrer to a petition, filed in the Orphans' Court for Montgomery County on the 28th of February, 1917, to establish by secondary evidence a last will and testament, alleged to have been lost, mislaid or destroyed and to admit it to probate and record.

Charles H. Parker, a resident of Montgomery County, Md., died on the 12th day of August, 1915, possessed of real and personal property, situate in this State. He left surviving him, nine children as his only heirs at law, six of whom are adults and three are minors.

The appellants, C. Clinton James and Eva J. Turner (a daughter) are the executors and trustees named in the alleged will sought to be established and Charles H. Parker, the other appellant, is one of the devisees under the will, and they are the petitioners in the Court below.

The appellees are five of the six adult children of the decedent, Charles H. Parker, and are the defendants in the Court below.

The cause of demurrer is stated to be:

1. That the petition does not state facts sufficient to show the existence of any will of Chas. H. Parker, deceased, which is entitled to probate.

2. Because under the allegations of the petition, the alleged paper therein referred to is not entitled to probate.

3. Because there are no sufficient allegations contained in the petition which show that the petitioners are entitled, as a matter of law, to have the prayers of the petition granted.

4. Because the petition is wholly insufficient, and wanting in material and necessary allegations to show the validity of any alleged will or to show that any alleged will of Chas. H. Parker, deceased, is entitled to probate.

The case was heard, upon the demurrer to the petition and from an order of the Orphans' Court sustaining the demurrer, and dismissing the petition, an appeal has been taken.

The object and purpose of the proceedings, it will be seen, is to establish by secondary and parol testimony, an unproduced paper, as the original will, an alleged copy of which is filed with the petition and which the petition avers is the draft from which the will claimed to have been executed by the testator was copied before execution.

The petition is a lengthy one, covering over nine pages of the record, but as the allegations of the petition are admitted by the demurrer and for the purposes of the case are to be treated as true, we shall set out only those portions which may be necessary for the consideration of the case.

The prayer of the petition is, that secondary proof be allowed to be made of the contents and terms of the will bearing date December ——, 1906, and that upon satisfactory proof being made of the contents and terms of the instrument, that it be established as and for the last will and testament of Charles H. Parker, deceased; and that letters testamentary *de bonis non* be issued to your petitioners upon their giving bond as required by the Court.

The averments of the petition are somewhat conflicting but the substantive facts relied upon by the appellants are stated, in part, in their brief as follows: that the will sought to be established as and for the last will and testament of Charles H. Parker, deceased, was prepared by C. Clinton James, Esq., and was read by or to the said decedent, and was then signed by him and declared to be his last will and testament, in the presence of said James, and of three other persons, who, at the request of the said testator, signed said testamentary writing as attesting witnesses. The will was then placed in testator's safe and there remained until just before the execution of the will of June 3, 1912, when it was delivered, by the direction of Parker, to his attorney, B. F. Leighton, as an aid to his draft of the last-named will. It remained in the custody of Leighton until after the execution of that will. What then became of it is not known.

The petition also avers that they have caused diligent search to be made in the office of Mr. Leighton and elsewhere

where the will might likely be found but that they have not been able to find the same and aver that the original will has been lost, mislaid or destroyed.

Are the averments of this petition in a proceeding of this character sufficient to warrant the probate of an unproduced will?

In *Kaster* v. *Kaster,* 52 Ind. 531, the Supreme Court of Indiana sustained a demurrer to a somewhat similar petition and held that it did not state facts sufficient to constitute cause for probate. The Court said the complaint in the case under consideration was intended as a complaint to establish a will which had been lost or destroyed. Hence the question is, does it by its averments make a case entitling the party to such relief. We think it does not. It does not show that the alleged will was either lost or destroyed. It should allege one or the other in order to be sufficient. In a proceeding requiring so much certainty of allegation and clearness of proof as is required in this proceeding, this allegation must be held insufficient. It is not certain under the allegation that the will is not in existence and can not be gotten before the Court, and proved in the other mode of proceeding contemplated by the statute.

In *Rhodes* v. *Vinson,* 9 Gill, 171, this Court said: The policy of the law has thrown around lost wills and testaments as many, if not more, shields to protect them from fraud, imposition and undue influence, than any mode of conveyance known to the law and in a proceeding where the object is to establish the contents of a paper which has been destroyed, as and for a last will that policy requires the contents of such paper to be established by the clearest, the most conclusive and satisfactory proof.

In *Hale* v. *Monroe,* 28 Md. 98, it was held, that to admit such an instrument (as was attempted in that case) with its apparent imperfections referred to as a competent and operative last will to transfer real estate required to be made and attested under the statute with very precise and formal solemnity would be a palpable violation of the law and utterly

submersive of the safeguards which its express provisions, its genius and policy emphatically prescribe.  *Tinnan* v. *Fitzpatrick,* 120 Md. 350.

There were other questions argued at bar but as we are satisfied from a careful examination of the record before us, that the petition fails to set forth facts sufficient to warrant a probate of the alleged will and as this conclusion disposes of the case the order of the Orphans' Court of Montgomery County, sustaining the demurrer and dismissing the petition. will be affirmed.

*Order affirmed, with costs.*