## J. McKINLEY KING *v.* MARY ALVINA BORK.
[Nos. 77, 78, 79, October Term, 1933.]

*Decided January 19th, 1934.*

18

The causes were argued before BOND, C. J., PATTISON, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Milton R. Smith,* for the appellant.

*Cornelius V. Roe,* with whom was *W. Gill Smith* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The appellant, J. McKinley King, as executor and trustee of the last will and testament of John L. Bork, deceased, filed a petition in the Orphans' Court of Baltimore County, wherein it was alleged that John L. Bork had died on or about April 21st, 1933, leaving surviving his widow, Mary Alvina Bork, and his two infant children by a former marriage, Catherine L. Bork and John Homan Bork; that on February 17th, 1932, John L. Bork duly executed a will, witnessed according to law; "that although an exhaustive and diligent search had been made for" it, the will "cannot be found," and it "has been either lost or destroyed"; that he had an exact copy of the last will which he desired "to have admitted to probate and record," which he filed as an exhibit to the petition, and prayed that a citation issue for the widow and children to show cause, if any they had, why the copy should not be admitted to probate as the last will and testament of John L. Bork.

The widow, Mary A. Bork, demurred to the petition and the demurrer was sustained. The petition was then amended by striking out the word "destroyed," the demurrer renewed, and again sustained. The court then said: "According to what Mr. Roe has read, Mr. Smith, you don't show in that petition where that will was from the time of its execution until it was lost." To which counsel for petitioner responded: "This demurrer does not change the status of any-

thing. * * * I think as we are here, all the witnesses here, we should hear the case." An offer was made to redraft the petition or amend it there, but the offer was rejected and the demurrer sustained, and an order passed accordingly, from which the first of three appeals in the record was taken.

The appellee then offered for probate a will executed by John L. Bork on the 2nd day of June, 1927, by which he left all of his property to his first wife, with remainder to his children. This will was admitted to probate and record, and the second appeal was taken from that order.

The appellant then gave notice of his intention as executor and trustee under the last will to caveat the one admitted to probate, and the order dismissing the notice is the subject of the third appeal.

It must be conceded that, if this case was properly submitted on the petition and demurrer, the ruling of the orphans' court was correct. But is the appellant bound or confined to the bare allegations of his petition? He proffered to the Orphans' Court of Baltimore County a copy of a will which he declared in the petition had been lost or destroyed. The appellee interposed what she called a "demurrer," by which she disputed the legal sufficiency of the facts alleged in the petition to admit the lost will to probate. It has been said over and over by this court that the proceedings in the orphans' court are informal except in so far as statutory requirements must be followed, and it has also been said more times than one that "a demurrer has no place in an orphans' court."

With regard to the strictness required of pleadings in our orphans' courts, it was said in *Munnikhuysen v. Magraw*, 57 Md. 172, 193: "Appellee's counsel insist that this is a case where the parties petitioning must be held to the strict rules of pleading, and it is sought to apply the same test of sufficiency to these petitions, which is applied to a bill in chancery for injunction, when demurrer is interposed. To this view we cannot accede. Common law pleading has never been introduced or found practicable in the orphans' courts. A demurrer, technically considered, has no place there." See

*Hignutt v. Cranor,* 62 Md. 216; *McCambridge v. Walraven,* 88 Md. 378, 386, 41 A. 928; *Strasbaugh v. Dallam,* 93 Md. 712, 714, 50 A. 417.

The appellee quotes at considerable length from the case of *James v. Parker,* 131 Md. 466, 102 A. 760, 761, in which there was a petition and demurrer and no evidence. The petition, which covered nine printed pages of the record, recited in detail the facts upon which the petitioners relied for the probate of a will alleged to have been "lost, mislaid or destroyed." The record in that case shows no proffer of witnesses to support the allegations of the petition, and the case seems to have been argued on the theory that the facts alleged, if proved, would entitle the lost will to probate. The opinion in that case treated the petition as a submission of the case on its merits, and the decisions of this court, there cited (*Rhodes v. Vinson,* 9 Gill, 171; *Hale v. Monroe,* 28 Md. 98), support this inference. The case was submitted by both sides on the allegations of the petition. Because there was a demurrer in that case we do not want to be understood as overruling or qualifying the earlier decisions of this court that "demurrers, technically speaking, have no place in orphans' courts." As to the evidence required to prove a lost will that case is a recognized precedent.

The real complaint of the appellant is that the orphans' court arbitrarily refused to hear his witnesses. While there may, and perhaps should, be some reluctance to admit a lost will to probate, there may sometimes be serious error in a refusal. The will tendered by the appellant, amongst other provisions, revoked all former wills, and the court should have satisfied itself that there was no other will or revocation outstanding before hastily admitting a former will to probate, and this could not be done until it had heard the petitioner, as it was its duty so to do. In the case of *Munnikhuysen v. Magraw,* 57 Md. 172, 195, where the orphans' court dismissed several petitions without receiving any evidence, this court said: "The offer having been made to prove all these facts in their several petitions, notwithstanding the respondent denied them, it was error in the orphans' court

to refuse them opportunity to establish their charges." We are therefore of the opinion that the order sustaining the "demurrer" should be reversed, and the case remanded and the witnesses heard. When that is done, the proof must meet the tests prescribed in numerous opinions of this court, such as *Rhodes v. Vinson,* 9 Gill, 169; *Hale v. Monroe,* 28 Md. 98; *Tinnan v. Fitzpatrick,* 120 Md. 342, 87 A. 802; *James v. Parker,* 131 Md. 466, 102 A. 760; *Preston v. Preston,* 149 Md. 498, 132 A. 55; *Tall v. Budnitz,* 162 Md. 208, 159 A. 596; and *Bird v. Bird,* 165 Md. 349, 168 A. 885.

As the probate of the will of 1927 depends on the right of the appellant to the probate of the will of 1932, the order admitting the former to probate must also be reversed, and for the same reason the order dismissing the appellants' notice of intention to caveat the will of 1927 must be affirmed, as he has no interest in the estate unless the will of 1932 is admitted to probate.

> *Orders in Nos. 77 and 78 reversed, and in No. 79 affirmed, appellant to pay one-third the costs in this court and the appellee two-thirds; and case remanded for further proceedings.*