ROSE TUBLIN ET AL. *v.* IDA SCHOCKETT

[No. 22, April Term, 1940.]

*Decided April 25th, 1940.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, and DELAPLAINE, JJ.

*Israel S. Gomborov,* with whom were *A. David Gomborov* and *Estelle W. Gomborov* on the brief, for the appellants.

*J. Paul Schmidt* and *John Carroll Power,* submitting on brief, for the appellee.

214

OFFUTT, J., delivered the opinion of the Court.

Morris Tublin died testate in Baltimore City January 16th, 1935. In his will he bequeathed to his widow the share of his estate which she would have taken under the statutes of descent and distribution, he bequeathed $3000 to his son Ira Nathan Tublin and the residue of his estate to his three children, Ida Schockett, born Tublin, Sol Tublin, and Ira Nathan Tublin, and he named his widow Rose Tublin and his son Sol Tublin executors. The will was probated in ordinary course, and on January 25th, 1935, letters testamentary issued to Sol and Rose Tublin on his estate. The executors filed an inventory on March 14th, 1935, and an additional inventory on March 29th, 1935, and since that time it does not appear from the record that they have filed any additional inventory, account, or other report of their administration of the estate.

In November, 1938, Ida Schockett filed a petition in which she alleged that Morris Tublin in 1934 had "caused to be organized" a corporation known as the Logan Realty Corporation, having an authorized capital of $25-000, divided into two hundred and fifty shares of $100 each, which acquired leasehold interests in ten lots of ground, and one lot in fee simple; that "it was stated" that at a meeting of the corporation shortly after its organization five shares of its stock were issued to Rose Tublin and a like number to Sol Tublin, and that it "was stated" that at that meeting Rose Tublin was elected president and Sol Tublin secretary of the corporation; that the corporation was formed to hold the title to lots which Morris Tublin owned; that neither Sol Tublin nor Rose Tublin paid anything for the stock issued to them, that either the stock of the corporation or the properties themselves are assets of the estate but that the executors refuse to recognize the petitioner's interest in either the stock or the property, that they have also collected rents from lots held by the corporation for which they have failed to account, and that since their interests conflict with those of the estate, they should be removed, and an

administrator *c. t. a.* appointed to recover either the stock or the property for the estate. She accordingly prayed that Sol Tublin and Rose Tublin be removed as executors and that an administrator *c. t. a.* be appointed and directed to institute proceedings to recover for the estate either the stock of the corporation or the properties conveyed to it by Morris Tublin.

The executors filed what they called exceptions, but which were in effect a demurrer to the petition, on the grounds (1) that it did not state a case for relief, (2) that it did not state a case within the jurisdiction of the court, (3) that any right which the petitioner may have had was barred by laches, and (4) that "no proper exhibits" had been filed. The court, on January 2nd, 1940, overruled the exceptions but gave the executors leave to answer the petition within fifteen days. The appeal is from that order.

While the appeal must be dismissed, nevertheless, since the case must be remanded for further proceedings, this court deems it proper to say that the so called exceptions were properly overruled.

The petition is sketchily drawn, its averments uncertain, vague and indefinite, it fails to allege in terms that Morris Tublin ever owned any stock in the corporation, that any stock except the ten shares issued to Rose and Sol Tublin was ever issued, that the issuance of the stock to them was fraudulent, or that they had refused to permit the petitioner to inspect the records of the corporation, and the material allegations that are made are made in the alternative, or the subjunctive, as for instance the following: "That this Petitioner charges and avers that the stock of the Logan Realty Corporation heretofore mentioned as having been issued to Rose Tublin and Sol Tublin, if issued is the property of the said Morris Tublin, since the said Rose Tublin and Sol Tublin paid nothing for said stock, but if it were not issued to them then the properties above mentioned which have been conveyed to the Logan Realty Corporation belong

to and are now an asset of the estate of the said Morris Tublin."

The mere fact that Sol and Rose Tublin "paid nothing" for the stock did not necessarily mean that their title to it was invalid, as it may have been issued for services, or other thing of value. *Larkin v. Maclellan,* 140 Md. 570, 588, 118 A. 181; Code, art. 23, secs. 41-44. But while the petition fails to allege with sufficient precision facts which if proved would show that the stock which the appellants hold, or the property which the corporation holds, are assets of the estate, it does appear from a stipulation of counsel that the executors have failed, within the time required by the statute, to file an account of their administration, and that dereliction, in connection with the statements in the petition, vague and unsatisfactory as they were, was sufficient ground to support the action of the court in citing them to appear and show cause why they should not be removed. Code, art. 93, secs. 1, 2 and 3.

But the order from which the appeal was taken did not finally decide any question relating to the stock or property of the Logan Realty Corporation, or the removal of the executors, it only required the executors to further answer the petition; it was interlocutory and not appealable.

The so called exceptions were in effect a demurrer and not in form an answer, nor were they treated as such, and demurrers have no place in orphans' court procedure (*King v. Bork,* 166 Md. 17, 19, 170 A. 524; *Munnikhuysen v. Magraw,* 57 Md. 172, 193), and since the petitioner was not bound by the "bare allegations of his petition" (*King v. Bork, supra*), the Orphans' Court had the right, in its discretion, to require an answer in order that it might have before it whatever was necessary to enable it to determine whether the executors had fully accounted for the whole estate. Proceedings in the orphans' court are informal, since much of its business is transacted with and by persons untrained in the law, and the court itself may be and usually is composed of lay-

men. In dealing with charges affecting administrators and executors they are and should be intolerant of technical defenses which would permit such officials to avoid a full and candid disclosure of the manner in which they have discharged their duties. In *McComas v. Wiley,* 132 Md. 406, 408, 104 A. 52, this court affirmed an order of the Orphans' Court of Harford County sustaining a demurrer to a petition filed against administrators and dismissing the petition. But the petition was dismissed on the ground that the court had no jurisdiction of the subject matter of the petition. If that was true, and this court so held, it was unimportant whether the point was raised by answer, demurrer, or by the court of its own motion. The court could not have intended to sanction the use of demurrers in orphans' court practice, for it has expressly declared since (*King v. Bork, supra, Harlan v. Hunter,* 170 Md. 513, 516, 185 A. 327, following earlier cases), that they have no place in that practice. *Hamil v. Hamil,* 162 Md. 159, 168, 159 A. 247.

In this case, as in *Potts v. Potts,* 88 Md. 640, 42 A. 214, the court did no more than decide that the paper containing the exceptions was insufficient as an answer, and that the executors must answer further. Such an order was held in that case to be interlocutory and hence not appealable, and since that case has not been overruled, it is controlling here, since the two cases are not distinguishable. The appeal will therefore be dismissed.

*Appeal dismissed, with costs.*