CRANDALL, Executor *v.* CRANDALL

[No. 109, September Term, 1958.]

*Decided January 21, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Lionel Bennett* for the appellant.

*Joseph B. Axelman,* with whom was *Ellsworth H. Stein-berg* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The only question involved in this appeal is a narrow one: Did the Orphans' Court for Somerset County have jurisdiction to determine the validity *vel non* of a release given by the appellee herein to the executor of, and residuary legatees under, the last will and testament of her deceased husband?

On November 13, 1947, Solomon S. Crandall executed a will in which he made certain cash legacies, and then gave the rest and residue of his estate to his daughter Janet and his son Hyman, whom he named to act as executor. On the first day of June, 1953, the testator and the appellee entered into an antenuptial agreement, and two days thereafter they were married. He died on February 2, 1956, his will being admitted to probate on the 27th day of the same month. On May 21, 1956, the appellee executed a purported release of her interest in the estate of her late husband to the executor of, and the residuary legatees under, her husband's said will and testament. On August 24, 1956, the appellee filed her election to take her widow's share of the real and personal property left by her husband. Thereafter, the executor stated and filed an account as if no such an election had been made. On March 15, 1958, the appellee filed a petition in the Or-

phans' Court in which she alleged the invalidity of both the antenuptial agreement and the release that she had given to the executor and the residuary legatees. The executor filed an answer to the petition in which he denied the jurisdiction of the Orphans' Court to determine the question presented thereby. After a hearing, the Orphans' Court "ordered * * * that the alleged release is and the same is hereby declared to be invalid," that the widow's election be given full force and effect, that the executor's account theretofore filed be declared null and void and that the executor prepare and file a new account in accordance with the order. From this order, the executor has appealed.

The appellee argues that the provisions of Code (1957) Article 93, sections 259 and 263, are broad enough to authorize and empower the Orphans' Court to rule upon the validity of the release in question. However, it must be remembered that Orphans' Courts are not courts of general jurisdiction; on the contrary, they are courts of special and limited jurisdiction only, and they cannot, under pretext of incidental or constructive authority, exercise jurisdiction not expressly conferred by law. Code (1957) Article 93, sec. 287. And they have no implied or general powers, but are confined to the letter of their authority. 1 Sykes, *Maryland Practice,* sec. 203. We present only this brief statement concerning the jurisdiction of the Orphans' Courts in Maryland, because the specific question here involved has been answered on at least three occasions by this Court.

The case of *Shafer v. Shafer,* 85 Md. 554, 37 A. 167, involved the validity of certain releases given by legatees to an executor, and this Court, at page 561, stated: "The Court below [Orphans' Court] had no jurisdiction to inquire into their [the releases'] consideration, nor to pass upon or determine their validity. That duty belongs to another jurisdiction, and was no part of the jurisdiction which the Court below sought to exercise." This case was cited with approval in *Potts v. Potts,* 88 Md. 640, 641, 42 A. 214, wherein it was said, "the difficulty is that the Orphans' Court has no jurisdiction to pass upon the validity of the releases." Again, in *Jones, Admr. v. Harbaugh,* 93 Md. 269, 282, 48 A.

827, it was held by this Court that the Orphans' Court had no power to set aside a release given to the administrator by a distributee.

The appellee relies mainly upon the case of *Wilson v. Jarrell*, 137 Md. 558, 112 A. 921. There, a widow signed a conditional agreement or proposal to accept the provisions made for her in her husband's will, *provided* she be given the extra meat and lard on the farm on which he died. The executor wrote her stating that she could not have the meat or the lard. These instruments and their contents were undisputed. The widow then renounced the provisions made for her in the will and elected to take her widow's share. The administrator filed a petition in which he stated, *inter alia,* the above facts, and requested the court to instruct him how to proceed and to inform him whether he was bound by the purported agreement or the renunciation. The widow filed an answer and in it she prayed leave to withdraw the paper in which she had conditionally agreed to accept the provisions of the will, and that issues be framed and sent to a court of law for trial. The Orphans' Court passed an order directing the executor to state an account in accordance with the terms of the will of the deceased, which, in effect, made the wife's provisional offer binding upon her. In reversing this order, this Court held that upon the receipt of the notice from the executor that she could not have the meat and lard, the widow was entitled to rescind or put to an end her alleged agreement to accept the provisions of the will, and to file her renunciation and election; and, as the fact that the widow received the notice and letter from the executor was not questioned or disputed and the letter was before the Orphans' Court, there was no occasion for framing issues to be sent to a court of law for trial. There was no holding that the Orphans' Court could determine the validity of the release, nor were any of the three Maryland cases, above cited, named or mentioned. It seems highly improbable, as contended by the appellee, that this Court would overrule three of its previous decisions without any reference being made to them.

As we hold that the Orphans' Court was without juris-

diction to pass upon the validity of the release, the order appealed from must be reversed.

> *Order reversed and cause remanded without prejudice to the parties to litigate the validity of the release or the antenuptial agreement: the appellee to pay the costs.*